IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JIMMY LEE WHEELER,

      Plaintiff,

v.                                                                    CASE NO. 5:16-cv-130-MP-GRJ

JULIE JONES, et al.,

      Defendant.

_____/

## REPORT AND RECOMMENDATION

Plaintiff Jimmy Lee Wheeler, an inmate presently confined at Northwest Florida Reception Center, initiated this case by filing a *pro se* Complaint pursuant to 42 U.S.C. § 1983 and seeks leave to proceed as a pauper.  ECF Nos. 1, 3.   The Complaint is before the Court for screening pursuant to 28 U.S.C. § 1915A, which requires the Court to dismiss a prisoner complaint if the Court finds that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

Plaintiff submits the Complaint on behalf of himself and another named inmate, Donald A. Williams, and on behalf of a proposed class comprised of more than 1200 other NWFRC inmates.  ECF No. 1 at 1-3.

Plaintiff alleges that he and Williams seek to act as lead plaintiffs in a class action challenging the conditions of confinement at NWFRC.  Plaintiff names 22 NWFRC officers and DOC officials as defendants.  ECF No. 1.

Plaintiff's factual allegations pertain to incidents of violence that have occurred at NWFRC.  Specifically, Plaintiff alleges that on April 15, 2016, an inmate wielding two knives gained entry into another inmate's cell and stabbed him.  Plaintiff alleges that the stabbing was the result of inadequate training and staffing by prison officials.  Plaintiff also alleges generally that a "pattern of abuse" by officers lead to the stabbing and other acts of violence.  Plaintiff alleges that such incidents have caused the prison to be placed on lockdown, during which all inmates are deprived of privileges and subjected to increased security measures such as punitive segregation and confinement.  Plaintiff also alleges that prison officials are violating the inmates' First Amendment rights by enforcing unconstitutional rules against free speech and association.  Plaintiff states that he and other inmates filed "emergency bypass grievances" directly with the DOC Secretary on April 15 and April 18, "to no avail," and that the lockdowns and deprivations are ongoing.   Plaintiff executed the complaint on May 2, 2016.  *Id.* at 34.

Plaintiff is precluded from joining with other inmate plaintiffs in this case.  The law in the Eleventh Circuit expressly prohibits prisoners seeking to proceed in forma pauperis from joining together as plaintiffs in a single lawsuit.  *Hubbard v. Haley*, 262 F.3d 1194 (11th Cir. 2001).   Each prisoner is required to file his own lawsuit and pay the full amount of the filing fee. Requiring each plaintiff to pay the full filing fee is consistent with Congress' purpose of imposing costs on prisoners to deter frivolous suits.  *Id*. at 1197-98.

Further, Plaintiff cannot initiate or maintain a class action as a *pro se* litigant.  As a layman in the law, Plaintiff cannot "fairly and adequately protect the interests of the class," as required by Fed. R. Civ. P. 23(a)(4); *Alverson v. Cummins*, 2009 WL 1138046 (M.D. Ala., April 27, 2009).  As the Eleventh Circuit has explained, "It is plain error to permit [an] imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action."  *Wallace v. Smith*, 145 Fed. Appx. 300 (11th Cir. 2005), *quoting Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975); *see also Massimo v. Henderson*, 468 F.2d 1209, 1210 (5th Cir. 1972).

Lastly, it is apparent from the face of the Complaint, which was signed on May 2, that Plaintiff did not exhaust the DOC's administrative remedy process with respect to his claims prior to filing the Complaint. Although the administrative remedy process permits the filing of certain emergency grievances directly with the DOC Secretary, the Secretary has a 15-day period following *receipt* of an emergency grievance to provide a formal response.  Fla. Admin. Code § 33-103.007(6)(b)(3).  Plaintiff alleges that he submitted emergency grievances on Friday April 15 and Monday April 18.  ECF No. 1 at 30.  Assuming that the Secretary received the grievances within a few days of submission, the period for returning a formal response to Plaintiff would not have elapsed by May 2, and Plaintiff does not state that a formal response was received.

Pursuant to the Prison Litigation Reform Act (PLRA):

> No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

Although the § 1997e exhaustion requirement is an affirmative

defense, when "an affirmative defense appears on the face of a prisoner's complaint, thereby revealing that the prisoner cannot state a claim, the PLRA continues to require a district court to dismiss the complaint." *Okpala v. Drew*, 2007 WL 2407040 (11th Cir. Aug. 24, 2007) (unpublished) (citing *Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910, 920-21 (2007)). Plaintiff's failure to administratively exhaust the claims in the complaint before filing this case provides an additional ground for dismissal without prejudice.

Because it is clear that Plaintiff cannot bring his claims on behalf of other inmates or a class of inmates, and because it is also clear that the claims were not exhausted when the complaint was filed, dismissal of this case is appropriate.

In light of the foregoing, it is respectfully **RECOMMENDED** that leave to proceed as a pauper (ECF No. 3) should be **DENIED,** that this case should be  **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted.

**IN CHAMBERS** this 12th day of May 2016.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**